```
             IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION

ANNA E. STANIFER,              *
                               *
     Plaintiff,                *
                               *
v.                             *    CIVIL ACTION NO:
                               *
D4C DENTAL BRANDS, INC.,       *
                               *
     Defendant.                *    JURY TRIAL DEMANDED
```

**COMPLAINT**

Comes Now, Plaintiff, Anna E. Stanifer, and files her complaint against the above-named Defendant on the following grounds:

**INTRODUCTION**

1.

This is an action brought pursuant to the Fair Labor Standards Act (hereinafter referred to as the "FLSA") codified at 29 U.S.C. § 201 *et seq.*, for retaliation by Defendant against Plaintiff for engaging in statutorily protected activity.

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

Defendant is an "employer" in an industry affecting commerce as defined by 29 U.S.C. § 203(d).

4.

Defendant is an "enterprise" engaged in commerce or the production of goods for commerce as defined by 29 U.S.C. § 203(s).

5.

Defendant has an "annual gross volume of sales made or business done [of] not less than $500,000" as defined by 29 U.S.C. § 203(s).

6.

Plaintiff is a former "employee" of Defendant as defined by 29 U.S.C. § 203(e).

7.

This Court has subject matter jurisdiction in this case.

8.

Defendant is a Delaware corporation registered and doing business within the State of Georgia.

9.

Defendant maintains its principal office at 2970 Brandywine Road, Suite 200, Atlanta, Fulton County, Georgia 30341.

10.

This Court has personal jurisdiction over Defendant.

**VENUE**

11.

Defendant resides within the Atlanta Division of the Northern District of Georgia.

12.

Venue in the Atlanta Division of Northern District of Georgia is proper for the Defendant under 28 U.S.C. § 1391(b)(1) and (c)(2).

**THE PARTIES**

13.

The Plaintiff is a female citizen of the United States who resides in Jackson County, Georgia.

14.

Defendant provides dental and orthodontic services throughout the State of Georgia.

15.

Defendant may be served with summons and process by service upon its registered agent, Linda A. Klein, at her registered agent address of 3414 Peachtree Road, N.E., Suite 1500, Atlanta, Fulton County, Georgia 30326.

**FACTS**

16.

From November 22, 2016, the Plaintiff was employed with Defendant in the position of a Lead Dental Assistant and OSHA Compliance Liaison for Defendant's location in Athens, Georgia.

17.

In her position, the Plaintiff was paid an hourly rate of $24.72.

18.

In her position, the Plaintiff reported her time by through Webb App.

19.

On or about January 28, 2022, the Plaintiff discovered that her the Operations Manager, Talia Crane, had reduced her time cards on several dates.

20.

On or about January 31, 2022, the Plaintiff complained to Meredith Barker in Human Resources that Crane had reduced her time cards on several dates.

21.

After the Plaintiff complained about the FLSA violations to Barker, Crane began a retaliatory campaign against the Plaintiff.

-4-

22.

Crane told other employees that she was going to get rid of the Plaintiff and asking if they knew of any good replacements.

23.

After the Plaintiff learned of these comments to employees, the Plaintiff complained to Pat Rice in Human Resources regarding the retaliation by Crane.

24.

After the Plaintiff reported the FLSA violations by Crane, Crane was constantly making negative comments about her to other employees.

25.

In response to the Plaintiff's complaints, Defendant failed to take any action to prevent the retaliatory harassment from Crane.

26.

After the Plaintiff complained, Crane confronted the Plaintiff about her complaint and began to further create a hostile work environment.

27.

Crane would argue with the Plaintiff about her duties without any basis to do so.

28.

Crane took responsibilities away from the Plaintiff, such as ordering supplies.

29.

Crane routinely would holler at the Plaintiff.

30.

Crane would jerk log books and files from the Plaintiff's hands.

31.

On or about February 28, 2022, the Plaintiff complained to Jenny Naja, Regional Director, about Crane's retaliation for reporting the FLSA violations.

32.

On April 18, 2022, Crane issued the Plaintiff a verbal coaching for leaving work early.

33.

However, the Plaintiff had been previously approved to leave early on the dates to take her daughter to counseling.

34.

On or about April 18, 2022, Crane told the Plaintiff that human resources "red flagged" her time sheets.

35.

On or about April 18, 2022, Naja told the Plaintiff that Crane also reported that the Plaintiff was hollering and cussing at her.

36.

On or about April 20, 2022, Samantha Gibbs told the Plaintiff that Crane reported the alleged timesheet issue to her.

37.

On or about May 2, 2022, the Plaintiff told Naja that Crane was making false allegations against her in retaliation for her having reported Crane altering her timesheets.

38.

On June 8, 2022, the Plaintiff was performing her duties by completing an OSHA compliance form.

39.

On June 8, 2022, Crane asked the Plaintiff to come have the morning huddle, to which the Plaintiff responded, "Okay, hang on, writing this expiration date really quick."

40.

On June 8, 2022, in response to the Plaintiff stating, "Okay, hang on, writing this expiration date really quick," Crane screamed at the Plaintiff in front of a parent, "NO NOW, IT IS 7:45!"

41.

On June 8, 2022, Crane continued to chastise the Plaintiff in front of the entire office staff.

42.

On June 8, 2022, after the morning huddle, Crane confronted the Plaintiff, continued to holler at the Plaintiff with her finger in the Plaintiff's face.

43.

On June 8, 2022, after Crane hollered at the Plaintiff with her finger in the Plaintiff's face, the Plaintiff stated that she could not take it anymore and that she was going to seek a transfer.

44.

Later on June 8, 2022, Crane terminated the Plaintiff for cussing at her.

45.

Defendant's reason for terminating the Plaintiff is false and pretextual.

**COUNT ONE: FLSA RETALIATION**

46.

Plaintiff incorporates herein paragraphs 1 through 45 of her Complaint.

47.

The Plaintiff engaged in statutorily protected activity as defined by 29 U.S.C. § 215 by complaining that Crane was altering her timesheets.

48.

Defendant engaged in a retaliatory hostile work environment because of the Plaintiff's statutorily protected complaints regarding violations of the FLSA.

49.

Defendant's termination of Plaintiff's employment was in retaliation for her statutorily protected complaints regarding violations of the FLSA.

50.

Defendant's actions in terminating Plaintiff are in violation of 29 U.S.C. § 215(3).

51.

Defendant's conduct entitles Plaintiff to damages for her retaliatory discharge from employment.

52.

Defendant's conduct is not grounded in good faith and on reasonable grounds thereby entitling the Plaintiff to liquidated damages pursuant to 29 U.S.C. § 260.

**PRAYER FOR RELIEF**

53.

Wherefore, the Plaintiff prays for a judgment as follows:

1. That the Court order Defendant to reinstate Plaintiff to her former position;
2. That the Court grant full back pay owed to the Plaintiff;
3. That the Court grant Plaintiff liquidated damages under the FLSA;
4. That the Court grant Plaintiff compensatory damages;
5. That the Court grant Plaintiff all employment benefits she would have enjoyed had she not been retaliated against;
6. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees pursuant to the FLSA and/or 42 U.S.C. § 1988;
7. That the Court grant Plaintiff a jury trial;
8. That the Court grant Plaintiff all other relief the Court deems just and proper; and

9. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendant from engaging in further violations of the FLSA.

Respectfully submitted this 11th day of October 2022.

                                    **THE REDDY LAW FIRM, P.C.**

                                    /s/K. Prabhaker Reddy
                                    K. PRABHAKER REDDY
                                    Attorney for Plaintiff
                                    Georgia Bar No. 597320
                                    1325 Satellite Boulevard
                                    Suite 1506
                                    Suwanee, Georgia 30024
                                    Telephone: (678) 629-3246
                                    Facsimile: (678) 629-3247
                                    Email: kpr@reddylaw.net